CARLTON F. FORRA, administrator, *vs.* HENRY S. HUME.

Plymouth.   December 7, 1934. — January 28, 1935.

Present: RUGG, C.J., CROSBY, DONAHUE, & LUMMUS, JJ.

*Practice, Civil,* Requests, rulings and instructions, Charge to jury, Exceptions.

Exceptions to the failure of a trial judge to give certain rulings requested by the excepting party could not be sustained where the subject matter of the requests was adequately dealt with in the charge to the jury.

An exception to a fragment of the charge to the jury at the trial of an action could not be sustained where, although such fragment, standing alone, was incorrect, the charge as a whole was accurate and adequate and the jury did not appear to have been misled by such fragment.

TORT. Writ dated November 4, 1931.

The action was tried in the Superior Court before *Gibbs*, J. Material evidence is stated in the opinion. There was a verdict for the defendant. The plaintiff alleged exceptions.

*E. H. Fletcher & H. K. Stone,* for the plaintiff, submitted a brief.

*E. R. Langenbach,* for the defendant.

CROSBY, J. This is an action of tort to recover for the death of the plaintiff's intestate, who was his wife, arising out of a collision of automobiles. The accident occurred in New Hampshire, and it was ruled by the trial judge, and assented to by counsel for both parties, that the case was to be governed by the laws of that State. The declaration is in one count and alleges, in substance, that negligence of the defendant caused or contributed to the death of the plaintiff's intestate.

The exceptions recite the following facts: On May 30, 1931, at about five o'clock in the morning, the plaintiff's intestate was a passenger in a sedan car owned and operated by the defendant. The mechanical condition of the automobile, including the four-wheel brakes, was excellent. The road on which they were travelling was a wide, three or four lane cement road with hard gravel shoulders. The defendant could see ahead of him for a distance of a quarter of a mile, and the only other motor vehicle he could see on the highway was the one that collided with his automobile. At the time he first saw the other automobile, he was travelling at the right of the center of the road at a speed of between fifteen and twenty miles an hour. The approaching automobile was travelling about fifty miles an hour in a zigzag manner, often going over to the left of the center of the road. When it reached a point about two hundred yards from the defendant, the latter noticed that the driver was nodding at the wheel, as though he might be asleep, or fixing something on the floor. Just before the collision it was on its own right side of the road, but when it was about six feet and ten inches away it suddenly turned to its left and struck the left side of the defendant's automobile, overturning it. The plaintiff's intestate was instantly killed. The other automobile continued on in the direction it was going, left the road on the left side and went into a swamp. At the time of the collision the left wheels of the defendant's automobile were on the cement roadway

and the right wheels were on the gravel shoulder. The defendant did not slacken his speed or sound his horn and continued in the same general direction, but immediately before the collision he accelerated his speed and swung to his right so that at the moment of the collision the right wheels were off the road and on the gravel shoulder.

At the close of the evidence the plaintiff made certain requests for rulings, including those numbered 20, 21, 22, 23, 24 and 25. He excepted to parts of the judge's instructions to the jury, contending that these requests were not given. The jury found for the defendant. The exception to the alleged failure of the judge to instruct the jury respecting the twentieth request — that if "the negligence of the defendant and another was each a proximate cause of the death of" the plaintiff's intestate the plaintiff could recover for the entire injury in the present action — cannot be sustained. It is apparent from the instructions that the jury fully understood that if the death of the plaintiff's intestate was caused in part by negligence of the defendant he would be liable for the entire injury. If there had been merit in this exception when saved, it became immaterial in view of the finding of the jury for the defendant. The exception to the alleged refusal to instruct the jury concerning the twenty-first request — that drivers of automobiles "must sound their horns on all occasions when an accident might or probably would be avoided thereby" — fails to show any error of law. The question whether the defendant should have given this signal was one of fact to be determined by the jury in the circumstances. This question was properly dealt with in the instructions given. The twenty-second, twenty-third, twenty-fourth and twenty-fifth requests were fully covered by the charge so far as they properly could have been given.

New Hampshire Pub. Laws, c. 90, § 1, provides: "If a person traveling on a highway with a vehicle meets another person so traveling in the opposite direction, he shall seasonably turn to the right of the center of the traveled part of the road, so that each may pass the other

without interference." Under the law of New Hampshire the plaintiff is not entitled to recover for the death of his intestate if it was caused by the negligence of the operator of the automobile that collided with the defendant's automobile, in which she was riding, without negligence on the part of the defendant. *Brooks* v. *Hart*, 14 N. H. 307. Whether the collision was due to negligence of the defendant, or resulted from negligence of the driver of the automobile which collided with that of the defendant, was for the determination of the jury. *Gilbert* v. *Burque*, 72 N. H. 521. *Murray* v. *Indursky*, 266 Mass. 220. It is plain that the automobile with which the defendant's car collided was being operated negligently. The question to be decided is whether, between the time when the defendant first saw the other automobile and the time the collision occurred, the defendant was negligent because he continued in the same general direction toward the other automobile, and turned to the right when the other vehicle was six feet and ten inches away, so that when the collision occurred the left wheels of his automobile were on the cement roadway, and his right wheels on the gravel shoulder, and because he did not slacken his speed or sound his horn. This question was properly submitted to the jury.

In the course of the charge the judge stated: ". . . it is for you to use your own common sense, to use your own experience, as drivers upon the road, and say what you would do when you thought you were exercising ordinary and reasonable care under those circumstances." While if this be regarded as the statement of a rule of law by which the jury were to be finally guided it would not be correct, yet there was in its context no reversible error. Before this instruction was given the judge had accurately instructed the jury that negligence is the doing of something that an ordinarily careful and prudent man would not have done under the circumstances, or the failure to do something that the ordinarily prudent man would have done in the same situation. It also appears that after this instruction had been given the judge correctly stated to the jury at length what would constitute negligence. Tak-

ing the charge as a whole we are of opinion that the jury were not misled by the above instruction but understood the rule of law as stated when the case was finally submitted to them. *Partridge* v. *United Elastic Corp.* 288 Mass. 138, and cases cited at page 146.

As we find no reversible error in the conduct of the trial the entry must be

*Exceptions overruled.*